UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RIGGS TECHNOLOGY HOLDINGS, LLC,<br><br>                    Plaintiff,<br><br>           -against-<br><br>RELIAS LEARNING LLC d/b/a CONTINUINGEDUCATION.COM,<br><br>                    Defendant. | **ORDER**<br><br>21 Civ. 6229 (PGG) |

PAUL G. GARDEPHE, U.S.D.J.:

   Plaintiff Riggs Technology Holdings, LLC ("Riggs") brings this action – pursuant to 35 U.S.C. § 271 – against Defendant Relias Learning LLC ("Relias") for infringement of U.S. Patent No. 7,299,067 ("the '067 Patent"). (Cmplt. (Dkt. No. 1) ¶¶ 3, 6-12) Pending before this Court is Plaintiff's motion for a stay pending appeal in another action in which it alleges infringement of the '067 Patent, captioned Riggs Technology Holdings, LLC v. Vagaro, Inc., 21 Civ. 7927 (TSH) (N.D. Cal.). (See Dkt. No. 24) Defendant opposes Plaintiff's request for a stay. (Dkt. No. 27)

   For the reasons stated below, Plaintiff's motion will be granted.

## BACKGROUND

   Plaintiff is the owner of the '067 Patent, which is entitled, "Methods and Systems for Managing the Provision of Training Provided Remotely Through Electronic Data Networks to Users of Remote Electronic Devices." (Cmplt. (Dkt. No. 1) ¶ 6; see id., Ex. 1 (Dkt. No. 1-1)) According to the Complaint, Relias operates several online and software platforms that facilitate remote training and infringe on the '067 Patent. (Id. ¶ 8)

On May 12, 2021, Riggs filed an action seeking to enforce the '067 Patent in the District of Massachusetts.  (See Riggs Tech. Holdings, LLC v. Cengage Learning, Inc., No. 21 Civ. 10778 (LTS) (D. Mass.) (Dkt. No. 1))  The Complaint in the instant action was filed on July 21, 2021.  (Dkt. No. 1)  And on October 8, 2021, Riggs filed a third action alleging infringement of the '067 Patent in the Northern District of California – Riggs Technology Holdings, LLC v. Vagaro, Inc., No. 21-CV-7927 (TSH) (N.D. Cal.).  (Becker Decl., Ex. 1 (Vagaro complaint) (Dkt. No. 28-1))

On December 6, 2021, Relias moved in the instant case for judgment on the pleadings, pursuant to Fed. R. Civ. P. 12(c).  Relias argues that the '067 Patent "is directed to ineligible subject matter [and thus] the Complaint should be dismissed in its entirety."  (Def. Br. (Dkt. No. 21) at 7)  On December 28, 2021, Plaintiff filed its opposition to Defendant's motion. (Dkt. No. 23)

On December 9, 2021, the defendant in Vagaro moved to dismiss, arguing that "each claim [of the '067 Patent] is directed to the abstract idea of remotely managing training and no claim contains an 'inventive concept' that is significantly more than the abstract idea itself."  (Becker Decl., Ex. 2 (Dkt. No. 28-2) at 10)  On January 7, 2022, the district court granted Vagaro's motion, finding that "[e]very claim in the '067 patent is invalid under [35 U.S.C. § 101]."  Riggs Tech. Holdings, LLC v. Vagaro, Inc., No. 21-CV-7927 (TSH), 2022 WL 74179, at *3 (N.D. Cal. Jan. 7, 2022).

On January 21, 2022, the district court in Cengage Learning likewise granted a motion to dismiss against Riggs, "concluding that the claims of the '067 patent are not drawn to patent-eligible subject matter under 35 U.S.C. § 101."  Riggs Tech. Holdings, LLC v. Cengage Learning, Inc., 581 F. Supp. 3d 357, 363 (D. Mass. 2022).  In so holding, the court noted that

2

"[t]his finding echoes the conclusion reached recently by another federal court resolving a nearly identical challenge to the same patent at issue here." Id. at 363 n.4 (citing Vagaro, 2022 WL 74179, at *3).

On January 18, 2022, Riggs moved to stay the instant action pending the Federal Circuit's "review of [Judge] Hixson's order granting the Motion to Dismiss in [Vagaro]." (Pltf. Br. (Dkt. No. 24) at 1)  On February 1, 2022, Relias filed its opposition to the stay motion, arguing, inter alia, that "Riggs has yet to even file its notice of appeal in [the Vagaro] matter." (Def. Opp. (Dkt. No. 27) at 7)

On February 8 and 9, 2022, Riggs appealed the Cengage Learning and Vagaro rulings to the Federal Circuit. (Case No. 22-1468 (Fed. Cir.), Not. (Dkt. No. 1) at 6; Case No. 22-1469 (Fed. Cir.), Not. (Dkt. No. 1) at 6)  On February 22, 2022, the Federal Circuit ordered that the Vagaro and Cengage Learning appeals "shall be considered companion cases and assigned to the same merits panel." (Id., Dkt. No. 12)  The consolidated appeals have been fully briefed since June 28, 2022, and remain pending. (Id., Dkt. No. 20; Case No. 22-1468 (Fed. Cir.) (Dkt. No. 25))

## DISCUSSION

I.  **LEGAL STANDARD**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936); see also Sierra Rutile Ltd. v. Katz, 937 F.2d 743, 750 (2d Cir. 1991) (recognizing that "district courts have 'inherent power' to grant stays in certain circumstances" (quoting Nederlandse Erts-Tankersmaatschappij, N.V. v. Isbrandtsen Co., 339 F.2d 440, 441 (2d Cir. 1964))).

3

"In deciding a motion to stay . . . , courts in the Second Circuit balance five factors: (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation, as balanced against the prejudice to the plaintiffs if the litigation is delayed, (2) the private interests of and burden on the defendants, (3) the interests of the courts, (4) the interests of persons not party to the civil litigation, and (5) the public interest." Fried v. Lehman Bros. Real Est. Assocs. III, L.P., No. 11-CV-4141 (BSJ), 2012 WL 252139, at *5 (S.D.N.Y. Jan. 25, 2012) (citing Kappel v. Comfort, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996)). "In balancing these Kappel factors on a case-by-case basis, 'the basic goal is to avoid prejudice.'" LaSala v. Needham & Co., 399 F. Supp. 2d 421, 427 (S.D.N.Y. 2005) (quoting Kappel, 914 F. Supp. at 1058).

"A court may properly exercise this power [to grant a stay] when a higher court is close to settling an important issue of law bearing on the action." In re Literary Works in Elec. Databases Copyright Litig., No. 00-CV-6049 (GBD), 2001 WL 204212, at *2 (S.D.N.Y. Mar. 1, 2001) (citing Marshel v. AFW Fabric Corp., 552 F.2d 471, 472 (2d Cir. 1977) (per curiam)).

## II.    ANALYSIS

Riggs argues that a stay is appropriate because, "[i]n the event that the Federal Circuit rules that the [Vagaro] Order is appropriate[,] . . . this case will be dismissed." (Pltf. Br. (Dkt. No. 24) at 2)  Riggs further contends that "Relias will not be prejudiced in any way" by a stay. (Id.)

Relias counters that "virtually nothing could be gained by the proposed stay." (Def. Br. (Dkt. No. 27) at 9)  Relias contends that its pending motion for judgment on the pleadings does not turn on the issues before the Federal Circuit, as the '067 Patent is "separately invalid in view of the prior art." (Def. Br. (Dkt. No. 27) at 9)  Relias does not rely on this

4

argument in its pending motion, however. Instead, it relies on the same argument that prevailed in Cengage Learning and Vagaro: that the "'067 Patent claims are drawn to a patent ineligible abstract idea." (See Def. Br. (Dkt. No. 21) at 13-27) Indeed, in connection with Relias's pending motion, Relias has argued that the district court's decision in Cengage Learning "fully supports [its] argument here, that the '067 Patent is invalid because it is drawn to an abstract idea and lacks an inventive concept." (Feb. 1, 2022 Def. Not. of Supp. Authority (Dkt. No. 29) at 2)

This Court finds that there is significant overlap between the legal issues in this lawsuit and those in Vagaro and Cengage Learning, given that all three cases turn on whether the '067 Patent is directed to patent-eligible subject matter. Accordingly, the Federal Circuit's decision in Vagaro and Cengage Learning will likely have a significant bearing on this Court's resolution of Defendant's pending motion for judgment on the pleadings. See SST Glob. Tech., LLC v. Chapman, 270 F. Supp. 2d 444, 455 (S.D.N.Y. 2003) (citing Fort Howard Paper Co. v. William D. Witter, Inc., 787 F.2d 784 (2d Cir. 1986)) (acknowledging the propriety of staying an action "in light of a concurrently pending federal action (either because the claim arises from the same nucleus of facts or because the pending action would resolve a controlling point of law)").

Relias argues, however, that "the requested stay prejudices [it,] because its duration is indefinite." (Def. Opp. (Dkt. No. 27) at 7) To the contrary, "this is not to be a stay of indefinite duration – it will be lifted upon resolution of the [Vagaro and Cengage Learning] Appeal[s], at which time the Court will promptly rule on the presently pending motion[], subject to supplemental submissions regarding the Federal Circuit's decision." Wing Shing Prod. (BVI) Ltd. v. Simatelex Manufactory Co., No. 01-CV-1044 (RJH), 2005 WL 912184, at *2 (S.D.N.Y. Apr. 19, 2005); see also Est. of Heiser v. Deutsche Bank Tr. Co. Americas, No. 11-CV-1608 (AJN), 2012 WL 5039065, at *3 (S.D.N.Y. Oct. 17, 2012) ("[B]ecause the stay is limited to the

5

Second Circuit's resolution of the consolidated appeals, the stay is thus neither indefinite nor immoderate.").

While a stay may frustrate Defendant's interest in procuring an expeditious resolution of this action (see Def. Br. (Dkt. No. 27) at 9), Relias has not demonstrated any other form of prejudice. Given that the Federal Circuit's decision may be outcome-determinative of this action, a stay preserves the resources of not only this Court, but also of Riggs and Relias. See Fried, 2012 WL 252139, at *5 ("Because the outcome of the . . . [related] appeal may affect the progress and disposition of this lawsuit, a stay will preserve the litigation resources of both Plaintiffs and Defendants.").

The Court concludes that a stay pending resolution of the Vagaro and Cengage Learning appeals is appropriate under the circumstances. See Wing Shing, 2005 WL 912184, at *3 ("[T]he Court concludes that a stay within the bounds of moderation, automatically ending upon a decision by the Federal Circuit . . . , is an appropriate exercise of discretion.").

## **CONCLUSION**

For the reasons stated above, Plaintiff's motion for a stay is granted.

In light of the stay, Defendant's motion for judgment on the pleadings on the grounds that Plaintiff's patent claims are directed to patent-ineligible subject matter (see Mot. (Dkt. No. 20); Def. Br. (Dkt. No. 21) at 13-23), is denied with leave to renew once the stay is lifted. Defendant's motion for oral argument is denied as moot. (Dkt. No. 26) The Clerk of Court is directed to terminate the motions (Dkt. Nos. 20, 24, 26).

The parties will submit a joint letter every ninety days providing a status update concerning the consolidated Vagaro and Cengage Learning appeals. The parties will submit letters within one week of the Federal Circuit's issuance of a decision in these consolidated appeals, addressing the impact of that decision on the instant case.

Dated: New York, New York
September 22, 2022

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge