UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RIGGS TECHNOLOGY HOLDINGS, LLC,

               Plaintiff,

-against-

RELIAS LEARNING LLC d/b/a CONTINUINGEDUCATION.COM,

               Defendant.

**ORDER TO SHOW CAUSE**

21 Civ. 6229 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

        In this action, Plaintiff Riggs Technology Holdings, LLC ("Riggs") alleges patent infringement pursuant to 35 U.S.C. § 271 against Defendant Relias Learning LLC ("Relias") for infringement of U.S. Patent No. 7,299,067 (the "'067 Patent"). (Cmplt. (Dkt. No. 1))

## BACKGROUND

        Plaintiff is the owner of the '067 Patent, which is entitled, "Methods and Systems for Managing the Provision of Training Provided Remotely Through Electronic Data Networks to Users of Remote Electronic Devices." (Cmplt. (Dkt. No. 1) ¶ 6; see id., Ex. 1 (Dkt. No. 1-1)) The Complaint alleges that "[t]he '067 [P]atent relates to . . . novel and improved methods and systems for providing and managing training remotely." (Id. ¶ 7)

        The Complaint was filed on July 21, 2021, and alleges that Defendant Relias has infringed the '067 Patent. (Id. ¶¶ 6-12) According to the Complaint, Relias "maintains, operates, and administers online and software based training platforms, products, and services that facilitate remote training [and has] infringe[d] on one or more claims of the '067 Patent." (Id. ¶ 8)

On December 6, 2021, Relias moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, arguing that the claims of the '067 Patent are directed to an abstract idea and lack an inventive concept. (Def. Mot. (Dkt. No. 20); Def. Br. (Dkt. No. 21))

On September 22, 2022, this Court stayed proceedings in this case pending the resolution of the consolidated appeal of Riggs Tech. Holdings, LLC v. Vagaro, Inc., No. 21-CV-7927 (TSH), 2022 WL 74179 (N.D. Cal. Jan. 7, 2022) and Riggs Tech. Holdings, LLC v. Cengage Learning, Inc., 581 F. Supp. 3d 357, 363 (D. Mass. 2022), in which Riggs alleges infringement of the '067 Patent. In both cases, the district courts dismissed Riggs' infringement claims, finding that the '067 Patent is not directed at patent-eligible subject matter and is therefore invalid. In the September 22, 2022 stay order, this Court also denied without prejudice Defendant's motion for judgment on the pleadings, pending resolution of the appeals in Cengage Learning and Vagaro. (Sept. 22, 2022 Order (Dkt. No. 30))

On January 17, 2023, the Federal Circuit affirmed the Northern District of California's decision in Cengage Learning, finding that the '067 Patent "is directed to the patent-ineligible abstract mental process of managing training that was provided remotely" and "lack[s] an inventive concept." Riggs Tech. Holdings, LLC v. Cengage Learning, Inc., No. 2022-1468, 2023 WL 193162, at *2-3 (Fed. Cir. Jan. 17, 2023). That same day, the Federal Circuit dismissed Riggs' appeal of the District of Massachusetts' decision in Vagaro, stating that the court's "decision in [Cengage Learning] has . . . resolved the patent eligibility of the claims on appeal. We therefore dismiss this appeal as moot." Riggs Tech. Holdings, LLC v. Vagaro, Inc., No. 2022-1469, 2023 WL 193161, at *1 (Fed. Cir. Jan. 17, 2023) (citing BTG Int'l Ltd. v. Amneal Pharms. LLC, 923 F.3d 1063, 1076–77 (Fed. Cir. 2019)).

In a January 24, 2023 letter, Defendant asks this Court to dismiss Plaintiff's claims with prejudice, given the Federal Circuit's decisions in Cengage Learning and Vagaro. (Jan. 24, 2023 Def. Ltr. (Dkt. No. 32))  In subsequent letters, Defendant seeks permission to renew its motion for judgment on the pleadings, and states that it plans to move for an award of attorneys' fees under 35 U.S.C. § 285.  (Mar. 21, 2023 Def. Ltr. (Dkt. No. 33); June 23, 2023 Def. Ltr. (Dkt. No. 34); June 26, 2023 Def. Ltr. (Dkt. No. 35))

## DISCUSSION

A final order deeming a patent invalid has preclusive effect on other pending and subsequent actions for infringement of the same patent.  See Blonder-Tongue Labs. v. Univ. of Ill. Found., 402 U.S. 313, 350 (1971) (noting that "a plea of estoppel [is available to] one facing a charge of infringement of a patent that has once been declared invalid"); Mendenhall v. Barber-Greene Co., 26 F.3d 1573, 1577 (Fed. Cir. 1994) ("[T]he benefits of collateral estoppel (now generally termed issue preclusion) arising from a final judgment of patent invalidity [have been] extended to an alleged infringer other than the defendant who earlier successfully litigated the matter."); MaxLinear, Inc. v. CF CRESPE LLC, 880 F.3d 1373, 1376 (Fed. Cir. 2018) ("It is undisputed that as a result of collateral estoppel, a judgment of invalidity in one patent action renders the patent invalid in any later actions based on the same patent.") (quotation omitted).

Here, Plaintiff alleges infringement of the '067 Patent, which has now been held to be invalid in final judgments that were affirmed on appeal.  Given the Federal Circuit's ruling, Plaintiff must show cause why the Complaint should not be dismissed.

## CONCLUSION

Accordingly, by November 20, 2023, Plaintiff will show cause why this action should not be dismissed with prejudice for failure to state a claim due to the invalidity of the '067 Patent.

Given the Order to Show Cause, Defendant's request for a conference regarding the renewal of its motion for judgment on the pleadings is denied without prejudice.

In the event that the Complaint is dismissed, Defendant will submit a letter proposing a briefing schedule for its anticipated motion for an award of attorneys' fees.

The Clerk of Court is directed to lift the stay, and to terminate the letter motions at Dkt. Nos. 32-35.

Dated: New York, New York
      November 13, 2023

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge